UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MARY ANN OLSZEWSKI, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

HARRIS & HARRIS, LTD., d/b/a HARRIS & HARRIS OF ILLINOIS, LTD.,

Defendant.

Case No.: 17-cv-1471

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Mary Ann Olszewski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a home internet services bill.

5. Defendant Harris & Harris, Ltd. ("Harris") is a foreign corporation with its primary offices located at 111 West Jackson Boulevard, Suite 400, Chicago, IL 60604. Harris operates under the fictitious name "Harris & Harris of Illinois, Ltd."

6. Harris is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Harris is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes. Harris is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about June 2, 2017, Wisconsin Electric Power Company ("WE Energies") mailed an account statement to Plaintiff. A copy of this account statement is attached to this Complaint as Exhibit A.

9. Exhibit A states the following:

| ACCOUNT NUMBER | DATE DUE | AMOUNT DUE |
|---|---|---|
| ▮▮▮▮-286 | SEE *NOTE* | $353.44 |

Exhibit A.

10. Exhibit A also states the following:

**Messages**
☐ ***Disconnection Notice*** Note - To avoid service disconnection, payment in full of all past due charges must be received in our office by 06/12/17 . Disconnection can take place after this date. Please see Disconnection Notice insert for important information. In addition, your current charges are due by 06/24/17 .

☐ Credit Bureau Information We report to the credit bureau on a monthly basis. To avoid a negative report, please pay your bill in full by the due date.

Exhibit A.

11. Exhibit A states that Plaintiff owed $353.44 on her WE Energies account with an account number ending in -286. Exhibit A.

12. Exhibit A further states that "We report to the credit bureau on a monthly basis." Exhibit A.

2

13. On or about August 31, 2017, Harris mailed a collection letter to Plaintiff regarding an alleged debt owed to WE Energies. A copy of the letter is attached to this complaint as Exhibit B.

14. Upon information and belief, the letter in Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

15. Upon information and belief, the letter in Exhibit B is a form debt collection letter used by Harris to attempt to collect the alleged debt.

16. The debt referenced in Exhibit B was allegedly incurred to provide utility services to Plaintiff's residence. Thus, the debt was incurred for personal, family, or household purposes.

17. Exhibit B contains the following text:

> Harris & Harris of Illinois, Ltd., is a collection agency retained to collect your past due account(s) in the amount of $304.36 owed to WISCONSIN ELECTRIC POWER COMPANY/D/B/A WE ENERGIES. Please consider your options and contact us to resolve this matter. The service address(es) for this past due account(s) is listed below. Please note that our office reports some unpaid accounts to the credit bureaus.

Exhibit B.

18. The statements in Exhibits A and B to the effect that Harris "reports some unpaid accounts to the credit bureaus" and that a consumer may "avoid a negative report" by "pay[ing] your bill in full by the due date" is misleading to the unsophisticated consumer.

19. Paying Harris by the "due date" will not allow the consumer to "avoid a negative report." The account has already been, and will continue to be, reported to credit bureaus as delinquent, notwithstanding whether Harris reports the account. Exhibit A.

20. Upon information and belief, WE Energies regularly reports delinquent accounts to credit reporting agencies before sending the accounts to debt collectors such as Harris.

21. Upon information and belief, WE Energies reported derogatory credit information regarding Plaintiff's WE Energies account to the credit reporting agencies before sending Plaintiff's account to Harris for collection.

3

22. The purpose of Harris's statements that the consumer may avoid the reporting of derogatory credit information is to deceive the unsophisticated consumer into believing that she still has time to pay the account before having it reflect negatively on her credit history.

23. A debtor that is indebted to several creditors may prioritize payments to creditors who have not yet reported their debts with the purpose of preventing these debts from being reported.

24. Negative items, such as delinquent accounts, both lower a consumer's credit score and generally remain on the consumer's "credit report" for seven years.

25. Falsely claiming that an account will not be reported to a credit reporting agency as long as the debtor promptly pays is a tactic that preys upon the consumer's concern about his or her credit score. The consumer is likely to be deceived into paying, whether the debt is legitimate or not, to preserve his or her credit score.

26. Additionally, upon information and belief, <u>Exhibit B</u> was the first written communication Plaintiff received from Harris.

27. <u>Exhibit B</u> contains the debt validation notice that the FDCPA requires to be included with the initial written communication to the consumer. 15 U.S.C. § 1692g.

**FEDERAL LAW**

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

<u>Exhibit B</u>.

28. On or about September 15, 2017, Harris mailed a collection letter to Plaintiff regarding an alleged debt owed to WE Energies. A copy of the letter is attached to this complaint as Exhibit C.

29. Upon information and belief, the letter in Exhibit C is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

30. Upon information and belief, the letter in Exhibit C is a form debt collection letter used by Harris to attempt to collect the alleged debt.

31. The debt referenced in Exhibit C was allegedly incurred to provide utility services to Plaintiff's residence. Thus, the debt was incurred for personal, family, or household purposes.

32. Like Exhibit B, Exhibit C informs the debtor that "our office reports some unpaid accounts to the credit bureaus." Exhibit C.

33. Also like Exhibit B, Exhibit C contains the following debt validation notice:

**FEDERAL LAW**
This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Exhibit C.

34. The false, confusing, and misleading statement about reporting the account to credit bureaus in Exhibits B and C is a material false statement. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

35. Plaintiff was confused by Exhibits B and C, and was unsure whether her account had been reported to credit reporting bureaus and whether she still had 30 days to dispute the debt.

5

36. The unsophisticated consumer would be confused by Exhibit B and C, and would be unsure whether the account had been reported to credit reporting bureaus and whether she still had 30 days to dispute the debt.

37. Plaintiff had to spend time and money investigating Exhibit B and C.

38. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits B and C.

## THE FAIR DEBT COLLECTION PRACTICES ACT,
## 15 U.S.C. § 1692 ET SEQ.CA

39. The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.,* 109 F.3d 338 (7th Cir. 1997); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

40. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Avila v. Rubin,* 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP,* 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is an objective one—whether the plaintiffs or any class members were misled is not an element of a cause of action. *Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether these plaintiffs were deceived or misled, but rather

whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections Inc.,* 754 F. Supp. 383, 392 (D. Del. 1991).

41. Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.*, the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.,* 839 F. Supp. 941, 944 (D. Conn. 1993).

> The [Consumer Credit Protection] Act is remedial in nature, designed to remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation. Since the statute is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.

*N.C. Freed Co. v. Board of Governors,* 473 F.2d 1210, 1214 (2d Cir. 1973).

42. Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Baker,* 677 F.2d at 780-1; *Woolfolk v. Van Ru Credit Corp.,* 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); *Riveria v. MAB Collections, Inc.,* 682 F. Supp. 174, 177 (W.D.N.Y. 1988); *Kuhn v. Account Control Tech.*, 865 F. Supp. 1443, 1450 (D. Nev. 1994); *In re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr. N.D.N.Y. 1982); *In re Littles,* 90 B.R. 669, 680 (Bankr. E.D. Pa. 1988), *aff'd as modified sub nom. Crossley v. Lieberman,* 90 B.R. 682 (E.D. Pa. 1988), *aff'd*, 868 F.2d 566 (3d Cir. 1989).

43. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No.

7

16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

44. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

45. The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt". 15 U.S.C. § 1692e.

46. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

8

47. 15 U.S.C. § 1692f generally prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

48. 15 U.S.C. § 1692g requires that debt collectors make certain disclosures, including disclosing that consumers have 30 days to "dispute" debts, which requires the debt collector to obtain verification of the debt, including, if applicable, a copy of a judgment against the debtor. 15 U.S.C. § 1692g(a)(4).

49. Under federal law, if an alleged debtor disputes a debt within 30 days of receiving the validation notice, the debtor is required to cease debt collection efforts until it has provided verification of the debt or a copy of the judgment against the debtor. 15 U.S.C. § 1692g(b).

50. The debt collector need not verify the debt, however, as long as it ceases its debt collection efforts. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480 (7th Cir. 1997) (collection agency has the option to cease all collection activity or provide verification of the debt).

51. Under the plain language of 15 U.S.C. § 1692g, a debt collector is not required to verify a debt unless the debtor disputes the debt within 30 days of receipt of the validation notice.

52. Whether or not the debtor requests verification of the debt, however, a debt collector's collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. 15 U.S.C. § 1692g(b).

53. Validation rights are statutory; because the debt collector is not required to verify a debt that is disputed after the 30-day validation period, 15 U.S.C. § 1692g(a)(4), the prohibition on further collection activities pending verification of a disputed debt does not apply to debts that are disputed after the 30-day period, whether or not the consumer has raised the dispute within 30 days of receiving a subsequent validation notice. 15 U.S.C. § 1692g(b); *see Paige v. Waukesha Health Sys.*, 2013 U.S. Dist. LEXIS 96962, at * 23-24 n.3 (E.D. Wis. July 11, 2013)

(observing that sending a second validation notice during the validation period would implicate 15 U.S.C. § 1692g(b)).

## **COUNT I – FDCPA**

54. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

55. <u>Exhibits B and C</u> are false, deceptive, and misleading statements that confuse and mislead the unsophisticated consumer to believe that WE Energies has not already been reporting Plaintiff's account to credit bureaus.

56. <u>Exhibits B and C</u> are confusing, deceptive, and/or misleading to the unsophisticated consumer.

57. Harris' misrepresentation is material, as it would provoke the consumer into paying on false pretenses – that the payment would improve or limit damage to his or her credit score.

58. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f.

## **COUNT II – FDCPA**

59. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

60. <u>Exhibit C</u> is a false, deceptive, and misleading statement that would mislead the unsophisticated consumer into believing that the validation period begins to run with her receipt of <u>Exhibit C</u> rather than <u>Exhibit B</u>.

61. <u>Exhibit C</u> also overshadows or contradicts <u>Exhibit B</u>'s disclosure of the consumer's right to dispute the debt.

62. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g(b).

## CLASS ALLEGATIONS

63. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibits B and/or C to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) that was owed to WE Energies, (e) between October 26, 2016 and October 26, 2017, inclusive, (f) that was not returned by the postal service.

64. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

65. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

66. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

67. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

68. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

69. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 26, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com